HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHARON BLACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　　Defendant. | CASE NO. C13-5626 RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Dkt. #7) |

## I. Summary

THIS MATTER is before the Court on Defendant Midland's Motion To Dismiss (Dkt. #7). Midland argues that Plaintiff Sharon Black is barred from bringing her claims by the doctrine of judicial estoppel.

This case arises from an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Midland is a debt collector. Plaintiff Sharon Black ran up a $1,184.82 debt and failed to pay. Midland wrote Black a letter informing her of her debt and warning that Midland was considering taking legal action. The letter stated that a failure to pay the debt could result in litigation: "This letter is to inform you that we are considering forwarding this account to an attorney in your state for possible litigation." (Dkt. #1, Complaint, ¶4.4).

Six months later, Black filed for Bankruptcy. She did not list any potential FDCPA claim as an asset on her bankruptcy schedules, nor did she ever amend her schedules to include any such claims.[1] The bankruptcy court issued its discharge order on April 10, 2013, and the proceedings were closed on April 15, 2013. Two weeks later, Black sued Midland, claiming that it never really intended to sue her and that its hollow threat was a violation of the FDCPA. She seeks statutory damages and damages for mental anguish. Black is represented in this case by the same attorney that handled her bankruptcy case.

Midland's Motion is based on the fact that Black did not list this claim as an asset in her bankruptcy schedules. Black maintains that she did not realize that she even had an FDCPA claim to list until (immediately) after her debts were discharged, when she contacted a different, New York-based, attorney. Because this dubious argument does not excuse the failure to list the claim at the time of her bankruptcy filing, she is judicially estopped form asserting the claim now. The Motion is **GRANTED** and the claim is **DISMISSED** with prejudice.

## II. Discussion

### A. Legal Standard

A Fed.R.Civ.P. 12(b)(6) motion to dismiss permits a court to dismiss a complaint for failure to state a claim. To survive a motion to dismiss, a complaint need contain "only enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While dismissal on 12(b)(6)

---

[1] Midland requests that the Court take judicial notice of dockets and filings in previous court proceedings, including Black's bankruptcy court filings (Dkt. # 8). As these documents are public records, Midland's request for judicial notice is granted. *See Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.").

grounds is generally disfavored, a court may dismiss a claim when the plaintiff has included allegations disclosing some absolute defense or bar to recovery, such as judicial estoppel. *Leadbetter v. Comcast Cable Communications, Inc.*, No. 05-0892, 2005 WL 2030799, at *4 (W.D. Wash. Aug. 22, 2005) (citing *United States v. Gaubert*, 499 U.S. 315, 324-25 (1991)).

**B. Judicial Estoppel**

Judicial estoppel "is an equitable defense that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). "Judicial estoppel applies when: (1) a party's position is clearly inconsistent with a previous one; (2) the prior court accepted the previous inconsistent position; and (3) the inconsistency gave the litigant an unfair advantage in the subsequent suit." *Hernandez v. Response Mortg. Service, Inc.,* No. 11–5685, 2011 WL 6884794, at *3 (W.D.Wash. Dec. 29, 2011) (citing *Hamilton,* 270 F.3d at 782). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."  *Hamilton*, 270 F.3d at 783. "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784.

Midland argues that judicial estoppel applies here because Black was on notice of her potential FDCPA claim, yet failed to include it on her bankruptcy schedules as a "contingent asset."  Midland argues that because Black failed to disclose the claim during the bankruptcy proceedings, she cannot now attempt to collect it.  Black claims that she did not list the FDCPA

claim on her bankruptcy schedules because she did not know that the letter contained a FDCPA violation until she spoke with a New York-based attorney soon after the discharge order was issued by the bankruptcy court. She also asserts that her attorney was unaware of Midland's letter during the bankruptcy proceedings, and that even if the attorney was aware of the letter, she would not have recognized that it contained an FDCPA violation because her legal practice does not consist of FDCPA litigation (notwithstanding that she is currently representing Black in an FDCPA case here).

Essentially, Black is asking the Court to decline invoking judicial estoppel on the basis that neither she nor her attorney could recognize the FDCPA claim when it was in front of them. Black's contention that her attorney's failure to recognize a claim is a mistake that inures to her benefit at the expense of the now-discharged creditor is not supported legally or logically.

Black had everything she needed to know that a potential claim existed when she received the June 26, 2012 letter from Midland. She was required to list it on her bankruptcy schedules, and her failure to do so bars her ability to bring the claim now. *See Otter v. Northland Group, Inc.*, No. 12-2034, 2013 WL 2243874, at *3 (W.D. Wash. May 21, 2013) (noting, in a case with facts very similar to this case, that the plaintiff "had sufficient facts to know that a potential cause of action existed upon receiving the November 17, 2011 letter."). Even if Black did not have all the information she needed, she had enough to require her to list the claim:

> The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed.

*See In re Coastal Plains* 179 F.3d 197, 208 (5th Cir. 1999) (internal quotations omitted). That she may not have learned of the claim until speaking with an attorney is irrelevant to the consideration of whether enough facts existed for her to know the claim existed.

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS - 4

Black also argues that even if she did know about the FDCPA claim during the bankruptcy proceedings, she would have exempted it from creditors under the Chapter 7 "wild card" exemption, 11 U.S.C. § 522(d)(5). However, she still had to list the claim as a contingent asset in her schedules. *Ah Quin v. County of Kauai Dept. of Trans.*, -- F.3d --, 10-16000, 2013 WL 3814916 at *4 (9th Cir. July 24, 2013) ("The importance of full disclosure in bankruptcy proceedings cannot be overemphasized.") (internal quotations omitted); *Coastal Plains*, 179 F.3d at 208 ("Any claim with potential must be disclosed, even if it is 'contingent, dependent, or conditional.'") (internal citations omitted). In *Hamilton*, the court explained that the integrity of the bankruptcy system depends on such full and honest disclosures by debtors:

> The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. *The interests of both the creditors, who plan their action in the bankruptcy proceeding on the basis of information supplied in the disclosure statement, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete.*

*Hamilton*, 270 F.3d at 785 (quoting *Coastal Plains*, 179 F.3d at 208) (emphasis in original). By failing to list the FDCPA claim on her bankruptcy schedules, Black deprived Midland of an opportunity to object to or otherwise assert its interest in this claim during the bankruptcy proceeding. Black has thus received the benefit of discharging the debt she owed to Midland, while also suing Midland for alleged violations of the FDCPA involving a debt she is not legally responsible to pay. This type of change in legal position is precisely the situation judicial estoppel is designed to prevent. Accordingly, Black is judicially estopped from bring her FDCPA claim, and thus her complaint fails to state a claim upon which relief can be granted.

## III. Conclusion

Midland's motion to dismiss is **GRANTED**. Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schrieber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Because the application of judicial estoppel acts as an absolute bar to Black's claim, leave to amend will not be granted and the complaint is **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated this 12th day of September, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE